[No. 10370.   Department One.   October 28, 1912.]

Fred W. Stocking, *as Administrator etc., Appellant,* v. Maude E. Boyer, *as Administratrix etc., Respondent.*[1]

Appeal—Review—Findings. Findings upon conflicting evidence, by a trial judge who saw and heard the witnesses, will not be disturbed on appeal.

Pleading—Amendment to Conform to Proof—Variance—Materiality. In an action for trespass by the cutting of timber in which the answer pleaded payment for the timber under a written contract, it is not error to treat the answer as amended to conform to proof of payment under an oral contract, where evidence thereof was admitted without objection other than to its admission as varying the terms of the writing pleaded, and appellant had full opportunity to and did offer considerable evidence to meet it.

Appeal from a judgment of the superior court for Thurston county, Sheeks, J., entered October 9, 1911, upon findings in favor of the defendant, in an action for trespass, after a trial on the merits to the court. Affirmed.

*Troy & Sturdevant*, for appellant.

*B. H. Rhodes* and *Hayden & Langhorne*, for respondent.

Parker, J.—This action was commenced and prosecuted in the superior court for Thurston county, by Fred W. Stocking, as administrator of the estate of Morris Brown, deceased, against Maude E. Boyer, as administratrix of the

[1]Reported in 127 Pac. 194.

estate of M. L. Boyer, deceased, to recover the value of timber cut and removed from land belonging to Brown, by Boyer during his lifetime. The case was tried by the court without a jury, resulting in findings and judgment in favor of the defendant. The plaintiff has appealed.

The trial court rendered its final decision upon the theory that the issues were broadened by the evidence beyond those strictly raised by the pleadings. In addition to a denial of the amount and value of the timber cut and removed, as alleged in the complaint, the answer affirmatively pleaded as a defense, in substance, that, in the year 1903, Boyer and Brown entered into a written contract for the sale, at an agreed price of $5,000, of certain timber upon land belonging to Brown, describing the land by metes and bounds; which contract was intended to include the timber here involved, but which timber, by mutual mistake, was not covered by the description in the written contract. It is conceded that the timber described in the written contract was taken and paid for, as agreed therein, during the lifetime of the parties. The timber here involved was taken by Boyer from land adjoining the land described in this written contract. The court found that there was no mistake in the description of the land and timber intended to be conveyed by the written contract, but found that the timber here involved was cut and taken by Boyer from the adjoining land with the full knowledge and consent of Brown, and that Boyer paid Brown in full therefor a price agreed upon between them, independent of the written contract.

The ultimate question of fact in this controversy is, Did Boyer pay Brown in full for the timber taken from the land adjoining that described in the written contract? This is the ultimate question of fact to be determined, whether we regard the issues as being defined by the original written pleadings or as broadened by the evidence introduced. The argument of learned counsel for appellant is addressed very largely to their claim of error on the part of the trial court

in that the evidence does not support its findings in favor of
respondent upon the questions of the taking of the timber
by Boyer with the consent of Brown and the payment there-
for by Boyer. The testimony is in conflict upon these ques-
tions, and we deem it sufficient to say that we have carefully
read the entire record and are convinced therefrom that the
court was fully warranted in making the findings it did upon
these questions. Several statements made by Brown in his
lifetime in the presence of disinterested witnesses, showing his
knowledge of and consent to the taking of this timber by
Boyer and receipt of payment therefor in full from him, were
testified to by such witnesses, while there was testimony of
other witnesses tending to the contrary. This involved sim-
ply a question of the credibility of witnesses. We think, how-
ever, a reading of the entire evidence leads to the conclusion
that the preponderance of the evidence was in respondent's
favor, even viewing it, as we must, in written form only.
This, of course, presents a condition which precludes us from
interfering with the findings of the trial judge, who saw and
heard the witnesses testify, and thereby had a better oppor-
tunity to judge of their credibility than we have.

At the close of the trial, in announcing its decision upon
the merits, the court indicated its findings as above noticed,
and directed that the pleadings be amended accordingly; that
is, so as to make the question of payment for the timber aside
from payment under the written contract set up in the orig-
inal answer, an issue in the case. This, it is contended, was
error on the part of the court. Certain of the evidence was
admitted over the objections of counsel for appellant, but
such objections were directed to the claimed inadmissibility
of the evidence upon the ground that it tended to vary the
terms of the written contract pleaded in the answer. In so
far as this evidence may not have been admissible upon this
ground, we think the record warrants the conclusion that the
court disregarded it, or else it was rendered free from preju-
dice by reason of the fact that the court found in appellant's

favor upon the question of alleged mistake in the written contract. In so far as it tended to prove payment for the timber independent of that contract, it was objectionable, if at all, only because it tended to broaden the issues raised by the written pleadings. We do not find objections in the record to the evidence upon this ground; at least, the record does not clearly so show. It is manifest that there was no prejudice against the rights of the appellant in the admission and consideration of this evidence by the court viewing the issues in this light. Counsel for the appellant apparently had all the opportunity desired for meeting this evidence upon this theory, and in rebuttal offered a considerable number of witnesses to prove facts inconsistent therewith. We think this case falls within the spirit of Rem. & Bal. Code, § 299, which reads:

"No variance between the allegation in a pleading and the proof shall be deemed material, unless it shall have actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits."

We are of the opinion that there is no prejudicial error shown, and that the cause was correctly determined upon the merits. The judgment is affirmed.

MOUNT, C. J., CROW, GOSE, and CHADWICK, JJ., concur.